



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Barry A. Kamar*  
*Assistant United States Attorney*

970 Broad Street, Suite 700  
Newark, New Jersey 07102

(973) 645-2906

September 1, 2015

**By Email**

Bruce S. Rosen, Esq.
210 Park Avenue, Suite 301
Florham Park, New Jersey 07932

      Re: *United States v. Shakur Billinghurst*

Dear Mr. Rosen:

      This letter sets forth the plea agreement between your client, Shakur Billinghurst ("Billinghurst"), and the United States Attorney for the District of New Jersey ("this Office"). This plea will expire on September 20, 2015 if a fully executed copy of this agreement is not received by this Office on or before that date.

      Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Billinghurst to a one-count Information, which charges him with knowingly and intentionally conspiring and agreeing with others to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. If Billinghurst enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Billinghurst for knowingly and intentionally conspiring to distribute and possess with intent to distribute heroin, and actually possessing with intent to distribute heroin, on or about November 12, 2013, in Essex County, New Jersey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Billinghurst agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Billinghurst may

be commenced against him, notwithstanding the expiration of the limitations period after Billinghurst signs the agreement.

### Sentencing

The violation of 21 U.S.C. § 846 to which Billinghurst agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a maximum fine of the greater of (1) $1,000,000 or (2) twice the gross profits or other proceeds to Billinghurst. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Billinghurst is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Billinghurst ultimately will receive.

Further, in addition to imposing any other penalty on Billinghurst, the sentencing judge: (1) will order Billinghurst to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Billinghurst to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may deny Billinghurst certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, will require Billinghurst to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Billinghurst be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Billinghurst may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Billinghurst by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and

2

the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Billinghurst's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Billinghurst agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Billinghurst from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Billinghurst waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Billinghurst understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making his deportable, excludable, or inadmissible, or ending his naturalization. Billinghurst understands that the immigration consequences of this plea will

3

be imposed in a separate proceeding before the immigration authorities. Billinghurst wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Billinghurst understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Billinghurst waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Billinghurst. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, and Immigration & Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Billinghurst.

No provision of this agreement shall preclude Billinghurst from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Billinghurst received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Billinghurst and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: BARRY A. KAMAR
Assistant United States Attorney

APPROVED:

RONNELL WILSON
Assistant United States Attorney
Chief, Narcotics/OCDETF Unit

5

I have received this letter from my attorney, Bruce S. Rosen, Esq. I have read it. I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 9/22/15
SHAKUR BILLINGHURST

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 9/22/15
BRUCE S. ROSEN, ESQ.

6

<u>Plea Agreement With Shakur Billinghurst ("Billinghurst")</u>

<u>Schedule A</u>

1. This Office and Billinghurst agree to stipulate to the following facts:

    a. On or about November 12, 2013, Billinghurst knowingly conspired and agreed with others to distribute, and to possess with intent to distribute, at least 1 kilogram but less than 3 kilograms of a mixture and substance containing a detectable amount of heroin.

    b. Billinghurst was a minor participant in the offense conduct.

    c. Billinghurst knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.